UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BOGEY BOGARDUS,**

        **Petitioner,**

v.                                               **Case No. 5:23-cv-398-CEM-PRL**

**WARDEN, FCC COLEMAN-LOW,**

        **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on Bogey Bogardus's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner claims he is being illegally detained; alleging that his initial arrest and conviction and his current detention based on the revocation of supervised release, are unauthorized by federal law and his initial conviction for possession of a firearm by a convicted felon violates the Second Amendment. (Doc. 1 at 6–7). For the reasons set forth below, the Petition will be denied.

**I.**      **BACKGROUND**

Petitioner is a federal inmate incarcerated at the Coleman Federal Correctional Complex within this District and Division. Petitioner pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One),

possession of a firearm having an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count Two), and carrying and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Four). *See* Criminal Case No. 1:05-cr-00014-DHB-BKE (S.D. Ga.) ("Criminal Case"). Petitioner was sentenced to 60 months imprisonment on Counts 1 and 3, to be served concurrently, and a consecutive 60-month imprisonment on Count 4, for a total of 120 months, and five years of supervised release. *Id.* Bogardus did not appeal. Bogardus filed a § 2255 motion claiming he was innocent of his conviction for possession of a firearm by a convicted felon, pursuant to the Supreme Court Decision in *Carachuri-Rosendo v. Holder,* 130 S. Ct. 2577 (June. 14, 2010). *See* Civil Case No. 1:10-cv-00155-DHB-WLB (S.D. Ga.) ("Civil Case") (Doc. 1). The § 2255 motion was denied. (Civil Case, Doc. 10).

On June 14, 2013, Petitioner began his term of supervised release. *See* Criminal Case, Doc. 34. On May 4, 2015, Petitioner's supervised release was modified due to multiple violations. *Id*. On December 28, 2015, a warrant was issued due to additional violations of his supervised release. *See* Criminal Case, Doc. 39 at 10–12. Petitioner was arrested in the Middle District of Florida and was transferred back to the trial court. *See id*. at 2–3. On June 22, 2016, the Court found Petitioner violated his terms and conditions of release, revoked supervision, and sentenced him

to 36 months imprisonment, followed by 18 months supervision. (Criminal Case, Doc. 44).

On December 19, 2018, Petitioner began his term of supervised release. (Criminal Case, Doc. 52). On March 8, 2019, Petitioner's supervised release was modified due to multiple violations. *Id*. On August 22, 2019, the Court issued an arrest warrant for Petitioner upon allegations that he had violated the terms of supervised release by his arrest for drug-related offenses during a traffic stop in Florida. (Criminal Case, Doc. 60). The charges included trafficking in methamphetamine and possession of cocaine with intent to sell. *Id*. On September 7, 2022, Petitioner's supervised release was revoked, and he was sentenced to 36 months imprisonment. (Criminal Case, Doc. 75).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "savings clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan,* 851 F.3d at 1079. "*McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. Feb. 18, 2020) (internal citations omitted).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. In the present case, the Court does not have subject matter jurisdiction over Petitioner's claims because he is not entitled to pursue relief under § 2241. Petitioner challenges the validity of his sentence, not the execution of his sentence, and therefore he cannot avail himself of the savings clause of § 2255(e).

### III.   CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice.**

2. The Clerk of Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 27, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party